UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL MARK BALDER,<br><br>              Plaintiff,<br><br>   v.<br><br>KING COUNTY CORRECTIONAL FACILITY, et al.,<br><br>              Defendants. | CASE NO. C17-0628-RAJ-MAT<br><br>ORDER DECLINING TO SERVE AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND |

Plaintiff Daniel Balder is currently confined at the King County Correctional Facility ("KCCF"). Proceeding *pro se* and *in forma pauperis*, he filed a 42 U.S.C. § 1983 civil rights complaint, which the Court declined to serve because it was deficient. Dkt. 6. Plaintiff has filed an amended complaint, naming as defendants King County, Pioneer Industries Housing, Jim Pheonix, Sound Mental Health, and King County Public Health. Dkt. 8. Having reviewed plaintiff's amended complaint, the Court finds and ORDERS:

    (1)    The Court gleaned the following factual allegations from plaintiff's original complaint. Plaintiff was charged with a crime in King County and his case was referred to the King County District Court Mental Health Court. After two violations of the conditions of his participation in the Mental Health Court, he was sentenced to 1,191 days at the KCCF. One of the

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
AMEND - 1

violations involved housing his common law wife, who is an important source of support for plaintiff.

While plaintiff's amended complaint is not entirely clear, it appears that he wishes to (a) challenge the decision to revoke his participation in the Mental Health Court and incarcerate him, and (b) bring claims related to the medical care he has received at the KCCF. *See* Dkts. 8 & 8-1; *see also* Dkt. 9. As relief, he asks to return to the Mental Health Court and to be allowed to reside with his common law wife. Dkt. 8 at 4.

(2) Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d

1103, 1106 (9th Cir. 1995).

(3) To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

(4) Having screened plaintiff's amended complaint, the Court has identified the following deficiencies:

    a. This Court cannot reinstate plaintiff's Mental Health Court proceedings or overturn the decision to incarcerate him. In *Heck v. Humphrey*, the Supreme Court held that a plaintiff cannot bring a § 1983 claim that calls into question the lawfulness of his conviction or confinement until the conviction and sentence have been invalidated. 512 U.S. 477, 487-89 (1994). In addition, a plaintiff cannot challenge the fact or duration of his confinement under § 1983; instead, he may file a federal petition for writ of habeas corpus after exhausting state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). In light of *Heck* and *Preiser*, plaintiff's challenges to his incarceration and the termination of his Mental Health Court proceedings, including his claims related to housing his common law wife, cannot be brought in a § 1983 action at this time. If plaintiff's second amended complaint includes such claims, the Court will recommend that they be dismissed.

    b. It appears that plaintiff is attempting to bring an Eighth Amendment claim related to the medical care he has received at the KCCF. As noted previously, to establish such a

violation, an inmate must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). Prison officials may be deemed to have been deliberately indifferent to an inmate's serious medical needs "when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (quoted sources and internal quotation marks omitted). However, a prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs. V. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." *Estelle*, 429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988). Nor does a difference of opinion between an inmate and medical authorities regarding proper medical treatment give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In most cases, constitutional medical care claims are brought against the individual staff members who provided the allegedly deficient medical care. Plaintiff does not identify any individual staff members who he claims are responsible for the alleged constitutional violations. Instead, he alleges that he has a prescription for Wellbutrin that is not being filled because of DAJD policy. Dkt. 8 at 3; Dkt. 8-1 at 8-9. He also claims he is hearing impaired and has not received a hearing screening or adequate facilities to accommodate his hearing issues. Dkt. 8-1 at 9.

It appears that plaintiff is attempting to hold King County liable for the allegedly deficient medical care. As the Court previously informed plaintiff, he may bring a § 1983 claim against King County so long as he identifies a municipal "policy" or "custom" that caused his injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). Although plaintiff cites DAJD policy as the reason he is not receiving Wellbutrin, he acknowledges that other inmates receive the same medication, which suggests the decision to deny him Wellbutrin is personal to him, rather than a DAJD policy.

If plaintiff wishes to amend his medical care claims, he should explain why he thinks he has been denied Wellbutrin while at the KCCF. If individual staff members have made the decision to deny the medication, he should name those staff members as defendants and explain why he thinks those people were deliberately indifferent to a serious medical need. If the decision to deny the medication is based on DAJD policy, plaintiff should explain as much as he can about the alleged policy.

        c.      Plaintiff also names as defendants Pioneer Industries Housing, Jim Pheonix, Sound Mental Health, and King County Public Health. He fails to allege any facts against these defendants. If he would like to proceed against them, he must explain why he thinks that they acted under state or federal law, as required for a § 1983 claim, and what they did to violate his rights.

(5)    Based on the forgoing, the Court DECLINES to serve plaintiff's amended complaint, but GRANTS him leave to file a second amended complaint curing the above-noted deficiencies within **30 days** after the date this Order is signed. The second amended complaint must carry the same case number as this one and must be filed on the appropriate form, a copy of

which will be sent with this Order.  **If no second amended complaint is timely filed or if plaintiff files a second amended complaint that fails to correct the deficiencies identified above, the Court may recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.**

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, any second amended complaint must clearly identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

(6) The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

Dated this 21st day of June, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE AMENDED
COMPLAINT AND GRANTING LEAVE TO
AMEND - 6