| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | UNITED STATES DISTRICT COURT |
| 7 | WESTERN DISTRICT OF WASHINGTON AT SEATTLE |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL MARK BALDER,

                Plaintiff,

     v.

KING COUNTY CORRECTIONAL FACILITY, et al.,

                Defendants.

Case No. C17-0628-RAJ-MAT

REPORT AND RECOMMENDATION

     Plaintiff Daniel Balder is currently confined at the King County Correctional Facility ("KCCF"). Proceeding *pro se* and *in forma pauperis*, he filed a 42 U.S.C. § 1983 civil rights complaint, which the Court declined to serve because it was deficient. (Dkt. 6.) Plaintiff filed an amended complaint, naming as defendants King County, Pioneer Industries Housing, Jim Pheonix, Sound Mental Health, and King County Public Health. (Dkt. 8.) Upon screening, the Court found that plaintiff again failed to state a viable claim. (Dkt. 10.) The Court granted leave to amend by July 21, 2017, but plaintiff did not submit a second amended complaint. (*Id.*) Accordingly, the Court recommends that plaintiff's amended complaint and this action be DISMISSED for failure to state a claim upon which relief may be granted.

/ / /

REPORT AND RECOMMENDATION - 1

I. BACKGROUND

The Court gleaned the following factual allegations from plaintiff's original complaint. Plaintiff was charged with a crime in King County and his case was referred to the King County District Court Mental Health Court. After two violations of the conditions of his participation in the Mental Health Court, he was sentenced to 1,191 days at the KCCF. One of the violations involved housing his common law wife, who is an important source of support for plaintiff.

While plaintiff's amended complaint is not entirely clear, it appears that he wishes to (a) challenge the decision to revoke his participation in the Mental Health Court and incarcerate him, and (b) bring claims related to the medical care he has received at the KCCF. (*See* Dkts. 8 & 8-1; *see also* Dkt. 9.) As relief, he asks to return to the Mental Health Court and to be allowed to reside with his common law wife. (Dkt. 8 at 4.)

II. DISCUSSION

A. Screening standard

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented

plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

B.  Section 1983 standard

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

C.  Plaintiff's amended complaint fails to state a claim upon which relief may be granted

Upon screening, the Court identified and notified plaintiff of the following deficiencies in his amended complaint.

1.  This Court cannot reinstate plaintiff's Mental Health Court proceedings or overturn the decision to incarcerate him. In *Heck v. Humphrey*, the Supreme Court held that a plaintiff cannot bring a § 1983 claim that calls into question the lawfulness of his conviction or confinement until the conviction and sentence have been invalidated. 512 U.S. 477, 487-89 (1994). In addition, a plaintiff cannot challenge the fact or duration of his confinement under § 1983; instead, he

may file a federal petition for writ of habeas corpus after exhausting state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). In light of *Heck* and *Preiser*, plaintiff's challenges to his incarceration and the termination of his Mental Health Court proceedings, including his claims related to housing his common law wife, cannot be brought in a § 1983 action at this time.

2. It appears that plaintiff is attempting to bring an Eighth Amendment claim related to the medical care he has received at the KCCF. To establish such a violation, an inmate must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010). Prison officials may be deemed to have been deliberately indifferent to an inmate's serious medical needs "when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (quoted sources and internal quotation marks omitted). However, a prison official may be held liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs. V. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." *Estelle*, 429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988). Nor does a difference of opinion between an inmate and medical authorities regarding proper medical treatment give rise

REPORT AND RECOMMENDATION - 4

to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In most cases, constitutional medical care claims are brought against the individual staff members who provided the allegedly deficient medical care. Plaintiff does not identify any individual staff members who he claims are responsible for the alleged constitutional violations. Instead, he alleges that he has a prescription for Wellbutrin that is not being filled because of DAJD policy. (Dkt. 8 at 3; Dkt. 8-1 at 8-9.) He also claims he is hearing impaired and has not received a hearing screening or adequate facilities to accommodate his hearing issues. (Dkt. 8-1 at 9.)

It appears that plaintiff is attempting to hold King County liable for the allegedly deficient medical care. As the Court informed plaintiff, he may bring a § 1983 claim against King County so long as he identifies a municipal "policy" or "custom" that caused his injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). Although plaintiff cites DAJD policy as the reason he is not receiving Wellbutrin, he acknowledges that other inmates receive the same medication, indicating that the decision to deny him Wellbutrin is personal to him, rather than a DAJD policy. Plaintiff fails to allege a municipal liability claim against King County or a deficient medical care claim against any individuals medical providers.

3. Plaintiff also names as defendants Pioneer Industries Housing, Jim Pheonix, Sound Mental Health, and King County Public Health. He fails to allege any facts against these defendants. Accordingly, he fails to state a § 1983 claim against them.

## III. CONCLUSION

Plaintiff did not file a second amended complaint, and therefore he did not cure the deficiencies, identified above, in his amended complaint. The Court recommends that his amended complaint and this action be DISMISSED for failure to state a claim upon which relief may be

granted. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 8, 2017**.

Dated this 15th day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6